MARGARET FOSTER, Respondent, v. THEODORE M. ROCHE, Trustee, etc., Impleaded, et al., Appellants.

Supreme Court, First Department, General Term, May 24, 1889.

1. Partition.—A depositary of funds is justified in paying them in accordance with the original judgment in the action, where neither it, nor its officers, have been served with an order amending the interlocutory judgment in regard to the disposition of such funds.
2. Same.—When the purchaser completes his bid by paying to the referee the amount thereof, he discharges his whole duty in the matter.
3. Same.—The party who consents, before an amendment to the judgment in regard to the disposition of the fund is known to the depositary, that the moneys may be drawn out under the original judgment, can not be heard to complain.

Appeal from an order of a special term denying a motion to vacate the record of a deed executed by the referee, in an

action of partition, and to compel the purchaser to surrender and deliver up such deed.

*George W. Gibbons* (*J. C. Bolton,* of counsel), for appellants.

*Goodrich, Deady & Goodrich* (*John A. Deady* of counsel), for purchaser.

*P. & D. Mitchell,* for respondent.

MACOMBER, J.—An interlocutory judgment was entered in this action, in the month of June, 1886, directing that the premises be sold by James Kearney, as referee, and that the proceeds of such sale, after paying incumbrances and expenses of the sale, be paid to the plaintiff, and to the defendant Roche, as trustee. Subsequently, and on the 29th day of September, 1886, on the application of the defendant Roche, the court ordered that the purchaser or purchasers at the sale of the premises pay the amount of the purchase-money into the Farmers' Loan and Trust Company to the credit of this action to be drawn after two days' notice of an application therefor to be given by the referee to the respective attorneys or by either of the parties to the other. Six days thereafter the premises were sold and a portion thereof, namely, that known as No. 47 Great Jones street, was bought by Charles B. Fitzpatrick. The residue of the premises was purchased by the plaintiff. In the month of March, 1887, the parties stipulated in writing that the order made on the twenty-ninth day of September preceding, requiring the moneys to be deposited in The Farmers' Loan and Trust Company to the credit of this action to be drawn out only on notice, be cancelled and set aside.

It appears by the findings of the referee, to whom the matter was referred, that the depositary and its officers never have been served with a copy of the order requiring the moneys to be deposited and drawn out as above, and were ignorant of the same.

It appears, from the facts established in the case, that the purchaser discharged the whole of his duties when he completed his bid by paying the money into the hands of the Trust Company.

In the absence of a service of a copy of the amended judgment upon the trust company, and in the absence of the knowledge of its officers, of the existence of such modified judgment, the moneys were withdrawn by the referee regularly, so far as either the company or the purchaser was aware. The appellant having consented in writing, at a time before the existence of the amendment to the judgment was known, that the moneys might be drawn under the judgment as it originally stood, cannot now properly be heard to complain if any loss ensued.

The order appealed from should be affirmed, with costs and disbursements.

VAN BRUNT, Ch. J., and BARTLETT, J., concur.